**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1777
_____

ABDOUL AZIZE PORGO
                                    Petitioner,

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA

On Petition for Review of an Order of
the Board of Immigration Appeals
(Agency No. A201-745-163)
Immigration Judge:  John B. Carle

Submitted pursuant to Third Circuit L.A.R. 34.1(a) on
May 11, 2021
_____

Before: McKEE, RESTREPO, and FUENTES, *Circuit Judges*

(Opinion filed: August 18, 2021)
_____

OPINION[*]
_____

McKee, *Circuit Judge*.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Abdoul Porgo seeks review of the Board of Immigration Appeals' denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). An Immigration Judge denied Porgo's petition because it found Porgo did not testify credibly, and that Porgo failed to corroborate his claims. The BIA affirmed on both grounds. For the reasons that follow, we will affirm the BIA's decision and deny the petition for review.[1]

## I.

We generally review only the decision of the BIA, but we "also review the IJ's decision to the extent it is adopted, affirmed, or substantially relied upon by the BIA."[2] We review legal conclusions *de novo*, and factual findings under the substantial evidence standard.[3] "The substantial evidence standard requires us to determine whether the agency's findings of fact are supported by reasonable, substantial, and probative evidence on the record considered as a whole."[4]

Whether an asylum applicant has demonstrated past persecution or a well-founded fear of future persecution is a factual determination reviewed for substantial evidence.[5] So too is our review of the agency's credibility determination.[6] We give "exceptional deference" to "an IJ's credibility determination that has been adopted by the BIA . . . ,

---

[1] We have jurisdiction over Porgo's timely petition for review of a final order of removal under 8 U.S.C. §§ 1252(a)(1) and 1252(b)(1). *See Guzman Orellana v. Att'y Gen.*, 956 F.3d 171, 177 (3d Cir. 2020).

[2] *Id.*

[3] *Leia v. Ashcroft*, 393 F.3d 427, 432 (3d Cir. 2005).

[4] *Id*. (internal quotation marks and citation omitted).

[5] *See Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005).

[6] *Leia*, 393 F.3d at 432.

2

recognizing that the IJ 'alone is in a position to observe an alien's tone and demeanor, to explore inconsistencies in testimony, and to apply workable and consistent standards in the evaluation of testimonial evidence.'"[7]

Porgo argues that the adverse credibility conclusions of the IJ and BIA went "against the substantial weight of the evidence, which, taken together, compels a conclusion that Mr. Porgo testified credibly."[8] This claim is belied by the record. The BIA held that the "Immigration Judge's adverse credibility finding . . . was supported by specific, cogent reasons and permissibly based on, among other things, inconsistencies and omissions between [Porgo's] testimony and documentary evidence."[9] Our review of the record affirms that conclusion: the record contains multiple discrepancies, and we agree that Porgo's explanations for them do not compel a contrary result.

The BIA properly relied upon the IJ's findings that Porgo "was not forthcoming about his last three attempts to obtain a United States visa" and that he gave "unclear, vague and evasive" answers when asked about specific details of his story.[10] The BIA properly focused on these factors which make up the "totality of the circumstances" that bear upon credibility determinations.[11] We agree with the BIA that "[t]he inconsistencies,

---

[7] *Alimbaev v. Att'y Gen.*, 872 F.3d 188, 196–97 (3d Cir. 2017) (quoting *Abdulrahman v. Ashcroft*, 330 F.3d 587, 597 (3d Cir. 2003)).
[8] Porgo Br. at 12–13.
[9] App. 7.
[10] *Id.*
[11] 8 U.S.C. § 1158(b)(1)(B)(iii). Under the statute, an IJ may

> base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between . . . written and oral statements .

3

omissions, and lack of specific details relevant to [Porgo's] claim are sufficient, cogent reasons to support the adverse credibility finding."[12]

Based on his lack of credibility, the BIA concluded that Porgo had not met his burden of demonstrating eligibility for asylum or withholding of removal. The BIA also affirmed the IJ's conclusion that the country conditions information Porgo submitted was not sufficient to overcome his incredible testimony to establish that it is more likely than not that he would be tortured if returned to Burkina Faso. It therefore appropriately denied relief under the CAT.[13]

---

. . , the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, [whether or not] an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor.

*Id.*

[12] App. 8.

[13] The BIA did err when it affirmed the IJ's conclusion as to Porgo's failure to corroborate his claim. The IJ concluded that "IJs are not required to give respondents advance notice of the specific corroborating evidence necessary to meet their burden of proof." App. 26. This is wrong. Under the law of this Circuit, IJs are "obligated to provide [the applicant] with notice and an opportunity to corroborate [the applicant's] claim." *Saravia v. Att'y Gen.*, 905 F.3d 729, 738 (3d Cir. 2018). However, because the IJ's and BIA's negative credibility determinations are sufficient to doom Porgo's claims for relief and because the addition of evidence corroborating the claims for which the BIA and IJ found such corroboration lacking would not cure the adverse credibility finding, this error was harmless.